## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| TRIDIA CORPORATION, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| PERFECTO MOBILE INC. | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Tridia Corporation ("Tridia") files this Complaint for Patent Infringement against Defendant Perfecto Mobile Inc. ("Defendant" or "Perfecto Mobile"), and alleges as follows:

### Nature of Action

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, seeking monetary damages and other relief against Defendant due to its infringement of Tridia's United States Patent No. RE38,598 ("the '598 Patent").

## The Parties

2.      Tridia is a corporation organized and existing under the laws of the State of Georgia, having a principal place of business at 1355 Terrell Mill Road, Marietta, Georgia.

3.      On information and belief, Defendant Perfecto Mobile Inc. is a Delaware corporation with its principal place of business at 120 Presidential Way, Suite 110, Woburn, Massachusetts.

## Jurisdiction and Venue

4.      This Court has jurisdiction over the subject matter of this action based on 28 U.S.C. §§ 1331 and 1338(a) because this dispute is a civil action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. § 1 *et seq.*

5.      Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Georgia Long Arm Statute, due at least to Defendant's substantial business in this forum, including:  (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals and businesses in Georgia and in this District.

2

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, Defendant has transacted business in this District, and has committed and/or induced acts of patent infringement in this District.

<u>**Background**</u>

7.     Tridia is based in Georgia and has been an innovator in the software business since 1987.  Tridia develops multi-platform connectivity software solutions, which enable companies to remotely access, manage, support and share computer applications in the UNIX/LINUX and Windows® environments.  Some of Tridia's 3,000 enterprise customers include Home Depot, Toshiba Corporation, and L.L. Bean, Inc.

8.     The '598 Patent was reissued from original U.S. Patent No. 5,909,545 (the "'545 Patent").  At the time of filing of the application for the '545 Patent, the Internet was in its infancy.  While the Internet allowed the downloading of software to a computer, the software downloading process was complicated, requiring knowledge about hardware and software features, such that a consumer might not be able to install the software.

9.     Moreover, while remote control programs existed at the time the application for the '545 Patent was filed, one of the limitations of such programs

3

was that they required a component of the remote control program to already be installed on both computers prior to any attempt to remotely control one of the computers.

10. Thus, what was needed was (a) a way to provide on-demand access to another computer without requiring the user to first download and install a software program on the user's system and (b) a remote control program that did not require pre-installation of any components on each computer in order to operate.

11. The application for the '545 Patent was filed in January 19, 1996. The '545 Patent, entitled "Method and System for On-Demand Downloading of Module to Enable Remote Control of an Application Program over a Network" was duly and legally issued by the United States Patent and Trademark Office on June 1, 1999. A true and correct copy of the '545 Patent is attached as Exhibit A.

12. The '545 Patent underwent a reissue proceeding before the United States Patent and Trademark Office which resulted in the issuance of the '598 Patent on September 21, 2004. A true and correct copy of the '598 Patent is attached as Exhibit B.

13. The '598 Patent was reexamined by the United States Patent and Trademark Office, Reexamination Request No. 90/010,092, and its patentability

was reaffirmed on May 18, 2010.  A true and correct copy of the Ex Parte Reexamination Certificate is attached as Exhibit C.

14.     The inventors of the '598 Patent, Vincent Frese II, W. Brian Blevins, and John P. Jarrett, were employees of Tridia at the time of its filing and remain employees today.

15.     Tridia is the owner and assignee of all right, title and interest in and to the '598 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

16.     The '598 Patent is presumed valid.

17.     The '598 Patent claims, *inter alia*, a system, computer storage medium, and method for allowing a first computer to establish on-demand remote control of a second computer.

18.     The technology claimed by the '598 Patent is incorporated into Tridia's iTivity$^{TM}$ product which allows corporate clients on demand remote support of their various computer-based systems and devices.

19.     The claimed on-demand remote control features are often included in remote control software and hardware devices introduced after the date of invention of the '598 Patent. The remote control software and hardware industry

has recognized the value of the '598 Patent and multiple companies are licensees of its claimed technology.

20.     On information and belief, Perfecto Mobile manufactures and/or sells a number of products and/or services, including but not limited to the Continuous Quality Lab, available in Public Shared Cloud, Hosted Private Cloud, and Local On-Premises Cloud configurations, marketed as MobileCloud and MobileCloud Express, and which includes a Manual Testing product, that embody and/or practice the technology claimed by the '598 Patent (collectively, "the Accused Instrumentalities").

21.     In its marketing materials, Perfecto Mobile touts some of the benefits of its Manual Testing product.  For example:

> We handle device management for you and are dedicated
>
> to giving you access to the latest and greatest devices,
>
> OSs, and carriers at any time, from anywhere.
>
> …
>
> Perform simple manual tests or leverage MobileCloud
>
> Automation to write scripts that do what your users do:
>
> Install apps, open apps, tap, swipe, take inbound calls,
>
> open URLs, inject audio, purchase, play, push

> notifications, accept SMS, transfer files, rotate, close
> apps, power cycle….

*See* http://www.perfectomobile.com/articles/supported-device-list;

http://www.perfectomobile.com/content/public-mobilecloud (accessed June 29,

2015).

22.    In particular, the Accused Instrumentalities provide a system, computer storage medium, and method for on-demand remote control that allows a user at a first computer to remotely control an application at a second computer by using a remote control module without pre-installing remote control software on the first computer.  Specifically as to Perfecto Mobile's Manual Testing product, a user can demand remote control of an application on a remote mobile device by logging in at Perfecto Mobile's website, www.perfectomobile.com/nexperience. In response to the user's demand, a remote control module is transmitted and executes on the first computer to enable input-output communications allowing the first computer to remotely control the application on the remote mobile device. The remote control module executes without the user having pre-installed any remote control software on the first computer.

23.    On information and belief, Defendant has sold and/or provided the Accused Instrumentalities, and continues to sell and/or provide the Accused

Instrumentalities, directly and/or indirectly, to third parties, including but not limited to customers, manufacturers, distributors, and/or resellers (collectively, "Downstream Parties").

24.     On information and belief, Defendant has actual knowledge and notice of the '598 Patent, and of the patent's coverage of the Accused Instrumentalities.

## COUNT I
## Infringement of U.S. Patent No. RE38,598

25.     Tridia repeats and realleges paragraphs 1-24 above as if set forth herein.

26.     On information and belief, Defendant (either by itself, through parties acting under its direction or control, or both) has infringed and continues to infringe at least claims 1-6, 8, 9, 11-14, 18-25, 46-56, 58-65, 67, 69, 70, and 72 of the '598 Patent (collectively "the Accused Claims") within the meaning of 35 U.S.C. § 271 by, without Tridia's authority, importing, making, using, selling, and/or offering to sell in or into the United States products or services incorporating the technology claimed by the '598 Patent including the Accused Instrumentalities.

27.     On information and belief, Downstream Parties have been and are now infringing, including under 35 U.S.C. § 271(a), the Accused Claims by,

without Tridia's authority, importing, making, using, selling, and/or offering to sell in the United States products or services incorporating the technology claimed by the '598 Patent including the Accused Instrumentalities.

28.     On information and belief, Defendant has either known or been willfully blind to the fact that such unauthorized acts by Downstream Parties of importing, making, using, selling, and/or offering to sell products or services incorporating the technology covered by the '598 Patent including the Accused Instrumentalities directly infringe the '598 Patent, and as of the filing of this complaint is aware of the same.

29.     On information and belief, Defendant through the sale and distribution of products incorporating the technology covered by the '598 Patent including the Accused Instrumentalities is actively, intentionally, and/or knowingly inducing the direct infringement of the Accused Claims by Downstream Parties, including in this District and elsewhere in the United States.

30.     On information and belief, Defendant continues to actively encourage Downstream Parties to directly infringe the '598 Patent by at least (a) marketing products incorporating the technology covered by the '598 Patent including the Accused Instrumentalities to Downstream Parties, (b) providing user guides and technical specifications to Downstream Parties that encourage the use of

applications and methods of use for such products incorporating the technology covered by the '598 Patent including the Accused Instrumentalities, including those marketed on Defendant's website at https://www.perfectomobile.com/ (c) providing technical training to Downstream Parties, and (d) providing technical support and assistance to Downstream Parties during the life cycle of the products incorporating the technology covered by the '598 Patent including the Accused Instrumentalities.

31.     On information and belief, as a proximate result of Defendant's inducement, the Downstream Parties have infringed and continue to directly infringe the Accused Claims through the use of products incorporating the technology covered by the '598 Patent including the Accused Instrumentalities.

32.     Defendant knew or was willfully blind to the fact that its conduct would induce the Downstream Parties to directly infringe at least the Accused Claims.

33.     Thus, Defendant has specifically intended to induce, and has induced, Downstream Parties to infringe at least the Accused Claims.   Defendant has advised, encouraged, and/or aided Downstream Parties to engage in direct infringement, including through its encouragement, advice, and assistance to

Downstream Parties to use products incorporating the technology covered by the '598 Patent including the Accused Instrumentalities.

34.    Based on, among other things, the foregoing facts, Defendant has induced and continues to induce, infringement under 35 U.S.C. § 271(b) of at least the Accused Claims.

35.    Further, products incorporating the technology covered by the '598 Patent including the Accused Instrumentalities are imported, made, used, sold, and/or offered for sale in or into the United States by Defendant and are especially made and adapted – and specifically intended by Defendant – to be used to infringe at least the Accused Claims.

36.    The products incorporating the technology covered by the '598 Patent including the Accused Instrumentalities imported, sold, and/or offered for sale in or into the United States by Defendant are not staple articles or commodities of commerce and, due to their specific design, do not have substantial non-infringing uses.

37.    Defendant knew or has been willfully blind to the fact that the products incorporating the technology covered by the '598 Patent including the Accused Instrumentalities are especially made and adapted for – and are in fact used – by the Downstream Parties and infringe at least the Accused Claims, and

that the products incorporating the technology covered by the '598 Patent including the Accused Instrumentalities are not staple articles or commodities of commerce suitable for substantial non-infringing use.

38.     Based on, among other things, the foregoing facts, Defendant has contributorily infringed, and continues to contributorily infringe, at least the Accused Claims under 35 U.S.C. § 271(c).

39.     Tridia has suffered damages as a result of the direct and indirect infringing activities of Defendant and/or parties acting at Defendant's direction and control, and Tridia will continue to suffer damages as long as those infringing activities continue.

40.     Tridia has been and will continue to be irreparably harmed by the direct and indirect infringing activities of Defendant and/or parties acting at Defendant's direction and control unless and until such infringement is enjoined by this Court.

41.     Defendant (and/or parties acting at Defendant's direction and control) has directly and indirectly infringed the '598 Patent willfully and deliberately. Defendant knew or should have known that there was an objectively high likelihood that its actions constituted infringement of one or more claims of the '598 Patent.

42.     As a result of Defendant's deliberate, intentional and willful infringement, Tridia is entitled to enhanced damages under 35 U.S.C. § 284.

43.     Tridia has suffered damages as a result of Defendant's infringement of the '598 Patent in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Tridia respectfully requests the following relief:

(a)     A judgment that Defendant has infringed the '598 Patent in violation of 35 U.S.C. § 271;

(b)     A judgment that Defendant has contributed to the infringement of the '598 Patent by others and/or induced the infringement of the '598 Patent by others in violation of 35 U.S.C. § 271;

(c)     A permanent injunction be issued, pursuant to 35 U.S.C. § 271, restraining and enjoining Defendant, its officers, agents, attorneys, and employees, and those acting in privity or concert with them, and their successors and assigns, from engaging in infringing conduct;

(d)     A judgment that Defendant's infringement of the '598 Patent has been willful under 35 U.S.C. § 284;

(e)     A judgment against Defendant that the present case is exceptional pursuant to 35 U.S.C. § 285;

(f)     An award to Tridia of such monetary damages to which it is entitled to compensate it for Defendant's infringement of the '598 Patent, with interest as fixed by the Court, such damages to be trebled in accordance with 35 U.S.C. § 284 as a consequence of Defendant's willful infringement;

(g)     An award to Tridia of its costs, expenses, and fees, including reasonable attorneys' fees, in this action;

(h)     Such other relief as this Court may deem just, equitable, and proper.

## **DEMAND FOR JURY TRIAL**

Tridia hereby demands a trial by jury on all claims and issues so triable.

Dated this 6th day of July, 2015.

Respectfully submitted,

*/s/ Douglas D. Salyers*
Douglas D. Salyers, GA Bar No. 623425
Puja Patel Lea, GA Bar No. 320796
Parker D. Hancock, GA Bar No. 463690
TROUTMAN SANDERS LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street NE
Atlanta, GA 30308-2216
Tel:  404.885.3000
Fax:  404.962.6673
doug.salyers@troutmansanders.com
puja.lea@troutmansanders.com
parker.hancock@troutmansanders.com

*Attorneys for Plaintiff Tridia Corporation*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing was prepared using Times New Roman 14-point font, and otherwise conforms to the requirements of Local Rule 5.1.

TROUTMAN SANDERS LLP

*/s/ Douglas D. Salyers*